

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3009
Re: (a) Payment of the occupation
taxes levied by Articles 7047a2
--7047a18, Vernon's Annotated
Revised Civil Statutes of Texas,
upon coin-operated machines, up-
on an annual rather than a quar-
terly basis.
(b) Authority of Comptroller
of Public Accounts, under Art-
icle 7047a--8(a), Vernon's An-
notated Revised Civil Statutes
of Texas, to make and publish
a rule or regulation providing
for the payment of the above
described occupation taxes upon
a quarterly basis rather than
upon an annual basis.

We have for answer your opinion request of January 3,
1941, based upon attached letter dated January 2, 1941, from
Mr. H. J. Bernard, an attorney of Houston, Texas, from which
latter letter we quote:

"Some of my clients desire to have an opinion
in regard to the payment of the occupation tax on
coin operated machines on a quarterly basis rather
than on an annual basis. The reason they wish to
pay it quarterly is because the life of the average
table is three months and further the tax certifi-
cate cannot be transferred to the new table they re-
place the old one with on the location. I do not be-
lieve the law was intended for a year tax on an item
that would not have the use of a year for the operator.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

If a merchant obtained a permit to operate a place for a year he could well afford it, if he knew he could operate a year. In this case the operators know that the marble tables will not run over three months, and means that they would have to buy four permits. They feel that your office could do this by virtue of the Article 7047a-8 of the Civil Statutes of the State of Texas, Vernon's Revision of 1925 and Article 7052 of the Civil Statutes of the State of Texas, Vernon's Revision of 1925.

"The Comptroller could make such rules by virtue of this article 7047a-8 for the collection of the tax and article 7052 allows him to collect not less than for three months. I believe that this will not only help the tax payer but also the State in the collection of the tax. Owing to the fact that it is now time for the payment of the tax, I would appreciate a prompt reply and hope that we can work out this tax payment on the quarterly basis.

"I want you to bear in mind that this is an occupation tax for an item that has only an average life of three months and cannot be transferred to a new machine."

Article 7047a-3, Vernon's Annotated Revised Civil Statutes of Texas, provides the following tax levy:

"Every 'owner' as that term is hereinabove defined, who owns, controls, possesses, exhibits, displays, or who permits to be exhibited or displayed in this State any "coin-operated machines" as that term is defined herein, shall pay and there is hereby levied on every coin-operated machine as defined in this Act, except such as are exempted herein, an annual occupation tax determined by the following schedule:" (Emphasis ours)

Article 7047a-9, Vernon's Annotated Revised Civil Statutes of Texas, provides, in part, as follows:

"* * * Provided, however, that where the tax, as now levied under the provisions of Chapter 116,

Acts of the First Called Session of the Forty-
third Legislature as amended by Chapter 354,
Acts of the Regular Session of the Forty-fourth
Legislature, upon coin-operated vending machines,
has been paid at the time of the taking effect
of this Act, then, and in that event, the said
Comptroller of Public Accounts is authorized
and empowered to make proper adjustment thereof,
by <u>crediting pro rata, upon the annual basis,
any unearned tax, to the payment of the tax
hereby levied</u>. * * *" (Emphasis ours)

Article 7047a-13, Vernon's Annotated Revised Civil
Statutes provides in part, as follows:

"(a)  If any person shall exhibit, display
or have in his possession within this State any
coin-operated machine without having annexed or
attached thereto a valid license or permit issued
by the Comptroller of Public Accounts of this
State <u>showing the payment of the tax due thereon
for the current year</u>, * * *." (Emphasis ours)

We think it is apparent from the above quoted pro-
visions of the cited coin-machine tax measure that it was the
intention of the Legislature to levy said tax upon an annual
rather than a quarterly basis.  Within the four corners of
the Act we do not find the words "quarterly" or "payable by
quarter" or any other language that would probably have been
used by the Legislature had it been their intention to allow
these taxes to be payable upon a quarterly basis.  We do not
dispute the equities of the situation pointed out, argumenta-
tively, in the quoted letter and in the letter from Mr. Bernard
to this Department, or the hardships which would, under the
facts, be visited upon the taxpayer by the collection of this
tax on an annual basis.  But it is not the constitutional
function of this Department to pass upon the wisdom or expe-
diency of any legislation which comes before it for construc-
tion, as we are limited to a legal interpretation of the
exact language employed by the Legislature.  And it is our
considered judgment that a holding by this Department that
the coin-machine tax in question is levied and payable upon
the basis of such quarter or quarters of a year as each
machine is actually in operation, rather than as an occupa-
tion tax against the operator or owner, upon an annual basis,
payable in advance, measured by the number of machines exhib-
ited and displayed, would do violence to the express language
of the Act above quoted.

By the same token, we are constrained to hold that the Comptroller of Public Accounts would not be authorized to provide for the collection and payment of these taxes upon a quarterly basis rather than an annual basis, under the provisions of Article 7047a-8(a), Vernon's Annotated Revised Civil Statutes of Texas, providing as follows:

"(a) The Comptroller of Public Accounts shall have the authority to make and publish rules and regulations, not inconsistent with this Act or the other laws or the Constitution of this State or of the United States, for the enforcement of the provisions of this Act and the collection of the revenues hereunder." (Emphasis ours)

Such a proposed rule or regulation would be palpably inconsistent with the textual provisions of the coin-machine tax act hereinabove pointed out, indicating a clear legislative intent that such taxes should be levied, collected and paid annually in advance.

Nor could such suggested rule or regulation of the Comptroller of Public Accounts be sustained by that part of Article 7052, Vernon's Annotated Revised Civil Statutes of Texas, pointed out in Mr. Bernard's letter and providing as follows:

"The payment of the specific tax herein provided for shall be required by the tax collector to be made before any person, firm or association of persons shall be allowed to engage in any occupation requiring a license under any provision of this law, this payment to be made for a period not less than three months." (Emphasis ours)

The clause "this payment to be made for a period not less than three months" merely means that, in paying any annual occupation tax in advance, such payment must be prorated from the time the tax payer commences the taxed occupation on a quarterly rather than a daily basis. To illustrate: A person entering the taxable occupation during the month of February must pay the occupation tax for the full year; if he enters the occupation during the second quarter of the year, as in the month of June, he must pay a tax on the full three quarters of the year; if he enters an occupation at any time during the third quarter of the year, he

must pay a tax for the full one-half year; likewise if he enters the occupation during the last quarter of the year, he must pay the tax for the full quarter.

This is the meaning which has, by numerous prior opinions of this Department, been attributed to that part of Article 7052, Vernon's Annotated Revised Civil Statutes of Texas, providing that payment of the occupation tax required before engaging in any taxed occupation, shall "be made for a period not less than three months." We cannot agree with Mr. Bernard's contention that said provision means that occupation taxes cannot be collected and paid for a period in excess of three months, i. e., annually rather than quarterly. Nor can we hold that such provision would furnish any statutory basis for a rule or regulation of the Comptroller of Public Accounts, allowing or requiring the occupation taxes involved here to be paid quarterly rather than annually.

Trusting the foregoing fully answers your inquiries, we are

APPROVED JAN 22, 1941                    Yours very truly

/s/ GROVER SELLERS                  ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

                                    By /s/  Pat M. Neff, Jr.
                                            Pat M. Neff, Jr.
                                            Assistant

PMN:js

                                            APPROVED
                                            OPINION
                                            COMMITTEE
                                            BY B. W. B.
                                            CHAIRMAN

O.K.
G.R.L.